LETITIA A. CANNING *vs.* ELLEN I. OWEN.

PROVIDENCE—JUNE 4, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Slander. Pleading. Demurrer.*

A demurrer to a count in a declaration must be to the whole count if it presents but a single cause of action, and will not lie against a part thereof.

(2) *Slander. Special Damage. Arson.*

A declaration averred that the plaintiff was the owner of certain property used for hotel purposes, and had been formerly the owner of a building on said premises also used for hotel purposes, which had been insured against loss by fire, and which had been destroyed by fire. That the former hotel and present hotel were mortgaged to the defendant. That in order to get some one to take an assignment of the mortgage it was necessary for the plaintiff to obtain insurance upon the property, yet the defendant, to subject the plaintiff to the penalties provided by Gen. Laws cap. 279, §§ 2, 3, 4, and to prevent her from obtaining insurance, so that the mortgage could not be transferred, uttered the following words: "You don't know this woman (meaning the plaintiff); she burnt her last house and I'm afraid of my life she will burn this one." By means of which the plaintiff was unable to obtain insurance, in consequence of

which she was unable to transfer the mortgage, which mortgage was foreclosed by defendant and the property purchased by her."

On demurrer :—

*Held,* that the substance of the language was that the defendant accused plaintiff of burning her own house, and that such an accusation was not actionable *per se ;* it not appearing that the words charged the plaintiff with burning her house under such circumstances as would render the burning a criminal act.

*Held,* further, that the language was rendered actionable by reason of the special damage alleged to have been sustained in consequence thereof by the plaintiff.

*Held,* further, that, as some damage might naturally result to the plaintiff, the fact that the declaration was indefinite as to the amount of such loss and damage constituted a formal defect merely, and hence was not · a ground for demurrer before the Appellate Division.

Following *Miller* v. *Boyden,* 22 R. I. 441.

TRESPASS ON THE CASE for slander. Heard on demurrer to declaration, and demurrer overruled.

(1) TILLINGHAST, J. The first count in the plaintiff's declaration shows that the defendant publicly uttered the following false, malicious, and scandalous words of and concerning the plaintiff, to wit: "That she (meaning the plaintiff) had burned her other house to get the insurance, and that she and her husband watched her (meaning the plaintiff) night and day for fear she would burn this one. Meaning and intending that the plaintiff had been guilty of the crime of arson."

"By means of which false, scandalous and malicious words the plaintiff has been greatly injured in her good name, etc., and has been rendered liable to punishment for the crime of arson, and was unable to obtain insurance upon her said house, in consequence of which she was unable to transfer the mortgage thereon held by the defendant, which said mortgage was afterwards foreclosed and the property purchased by the defendant."

To this count the defendant has demurred on the ground that the language used is not actionable *per se,* etc. But in his argument counsel for defendant waives this demurrer in so far as it pertains to the cause of action. He relies upon it, however, in so far as it relates to the question of damages,

and insists that the allegation "that she, meaning the plaintiff, was unable to obtain insurance upon her said house, in consequence of which she was unable to transfer the mortgage thereon held by defendant," etc., is too remote and does not follow from anything which is set forth in said count, because proper averments and inducements are wanting to show how such damage could arise from the words alleged to have been used.

That the language alleged to have been used by the defendant is actionable *per se* there can be no doubt, as it clearly imputes the commission of an indictable offence for which corporal punishment may be inflicted. See Gen. Laws R. I. cap. 279, §§ 2–4; as to the nature of the offence and the punishment prescribed therefor. See also *Blake* v. *Smith,* 19 R. I. 476.

And while the conclusion of law made by the plaintiff in said count, to the effect that by reason of said charge the plaintiff was rendered liable to punishment for the crime of arson, is not strictly correct, yet, the language being actionable *per se*, this conclusion is a mere formal defect which calls for no consideration here. *Miller* v. *Boyden,* 22 R. I. 441.

As to the contention of defendant's counsel that his demurrer is good in so far as it relates to the allegation of damages as set out in said count, we think he is clearly in error. It is a well-known rule in the law of pleading that a demurrer to a count in a declaration must be to the whole count if it presents but a single cause of action, and that it will not be entertained if directed only against a part thereof. That is, a demurrer cannot be addressed to fragmentary parts of a pleading. 6 Ency. Pl. & Pr. 300. Here the demurrer is to the whole count, as it properly should be ; but the defendant's counsel, having come to the conclusion, since it was filed, that it cannot be sustained as to the cause of action set up, seeks to have it sustained as to the allegation of damages arising from the wrong complained of. This he clearly cannot do. The demurrer being to the whole count, and the

count not being divisible, it must be passed upon as a whole and not in parts.

The demurrer to the first count is therefore overruled.

The second count having been eliminated by consent of the parties, and a demurrer to the third count having been previously sustained by this court, we now come to the fourth and fifth counts, which have since been added by way of amendment to the original declaration.

(2)    The fourth count sets out "that the said plaintiff on, to wit, the — day of May, 1898, was the owner and proprietor of certain property situated in Warwick, used for hotel purposes, and known as the Lake View Hotel, and that she had been formerly the owner of a building erected on said premises also used for hotel purposes, and known as the Lake View Hotel, which building had been insured against loss by fire, and which had afterwards been destroyed by fire, and the present Lake View Hotel erected in its place, all of which the said defendant well knew; that the said former hotel and the present hotel were mortgaged by the plaintiff to the defendant, and that the defendant was about to foreclose her said mortgage and take possession of said property; that in order to get someone to take an assignment of said mortgage it was necessary for the plaintiff to obtain insurance upon her said property satisfactory to whosoever desired to take an assignment of said mortgage.   Yet the defendant, well knowing the premises, but contriving maliciously and wickedly to injure and defame the plaintiff, etc., and to subject her to the pains and penalties provided by law for the statutory crime of arson, as set forth in sections 2, 3, and 4 of chapter 279 of the laws of Rhode Island, and to prevent her from obtaining insurance upon her said property, so that her said mortgage could not be transferred, on to wit, the — day of May, 1898, in the presence and hearing of divers good people of this State, did publicly speak, utter, and report the following false, malicious, and scandalous words of and concerning the plaintiff, to wit:   'You don't know this woman (meaning the plaintiff), she burnt her last house (meaning the former Lake View Hotel, so-called), and I'm afraid of my life

she will burn this one. Only last night a barrel of shavings was found under the step.' Meaning and intending that the plaintiff had wrongfully and maliciously burnt her former house for the purpose of obtaining the insurance thereon, and that the plaintiff was guilty of the statutory crime of arson."

"By means of which false, scandalous, and malicious words the plaintiff has been greatly injured, etc., and has been rendered liable to punishment by law, and was unable to obtain insurance upon her said house, in consequence of which she was unable to transfer the mortgage thereon held by the defendant, which said mortgage was afterwards foreclosed by the defendant, and the property purchased by said defendant."

The fifth count is similar to the fourth in its inducements and innuendoes, and in its allegations of damages, and alleges the utterance of the following language, to wit : "The property (meaning the Lake View Hotel, formerly owned by the plaintiff) burned down very mysteriously before ; and she (meaning the plaintiff) burnt it down before, and she would again if she got the chance."

To these counts the defendant demurs on the grounds (1) that the language used is not actionable *per se*, because it is no crime under the laws of this State for a person to burn his own house except under special circumstances, and that it is not alleged that the words used were intended to impute that the plaintiff had burned her house under such circumstances. And hence, that the innuendo "meaning and intending that the plaintiff had been guilty of the crime of arson" is an unwarrantable, improper, and unnatural extension of the meaning of the words complained of ; (2) because no special damages are alleged in either of said counts ; and (3) that the allegation of damage "that she, meaning the plaintiff, was unable to obtain insurance upon her said house, in consequence of which she was unable to transfer the mortgage thereon, etc., does not follow from anything set forth in either of said counts, because proper averments and inducements are wanting to show how such damage could arise from the words alleged to have been used."

The substance of the language set out and relied upon in

these counts as slanderous is that the defendant thereby accused the plaintiff of burning her own house. Such an accusation, however, is not actionable *per se.* Except under certain circumstances, it is not a crime to burn one's own house, any more than it is to burn his woodland, his grass, or any other property belonging to him. And it does not appear that the words used by the defendant were intended to charge that the plaintiff had burned her house under such circumstances as would render such burning a criminal act. That is to say, the declaration does not set out, by way of inducement or otherwise, that said house was in a thickly settled locality, or that it was so near to other houses or buildings as to cause any danger to them ; and there is no allegation to the effect that the plaintiff was accused of intending to injure the property of any other person in connection with said act. See *Rex* v. *Proberts,* 2 East P. C. 1031 ; *Bloss* v. *Tobey,* 2 Pick. 320.

The language used, then, not being actionable *per se,* the only remaining question is whether it is rendered actionable by reason of the special damages alleged to have been sustained by the plaintiff by reason of the utterance thereof. We think this question must be answered in the affirmative. In order to make words actionable, the ordinary rule is that they must be such that special damage may be the fair and natural result of the use thereof. That is to say, damage must follow as a natural and proximate consequence of their use. The special damages here alleged to have been sustained are that the plaintiff was unable to obtain insurance upon her said house, in consequence of which she was unable to transfer the mortgage thereon, held by the defendant, and that the mortgage was afterwards foreclosed by the defendant. And while we are of the opinion, as already stated, that merely to accuse one of having burned his own house does not amount to charging him with the commission of any crime, yet it is certainly not straining a point to hold that the natural result of such a charge, taken in connection with the extrinsic facts set out in the declaration by way of inducement, would be to injure him in connection with his attempt

to obtain insurance or to transfer a mortgage on the property.   See *Richmond* v. *Loeb*, 19 R. I. 120 ; *Reid* v. *Journal Co.*, 20 R. I. 120.

And while it is true, as argued by defendant's counsel, that the amount of loss and damage thus sustained is not stated, yet we are of the opinion that, as some damages might naturally result to the plaintiff, the indefiniteness as to the amount thereof does not constitute a substantial, but only a formal, defect in the declaration, and hence is not a ground upon which the demurrer should be sustained in this Division.   See *Miller* v. *Boyden*, *supra*.

The demurrer to the fourth and fifth counts is therefore overruled, and the case remitted for further proceedings.

*Dennis J. Holland*, for plaintiff.

*C. M. Lee*, for defendant.

